NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VERONICA ROSIBELLE MENDEZ SIBRIAN,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.  18-71474<br><br>Agency No. A206-269-317<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2019[**]

Before:  THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Veronica Rosibelle Mendez Sibrian, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") decision denying her

motion to reconsider and to reopen removal proceedings.  Our jurisdiction is

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to reconsider or reopen.  *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005).  We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying the motion to reconsider as untimely and because it failed to specify any error in law or fact in the prior removal order.  *See* 8 U.S.C. § 1229a(c)(6)(A), (B); 8 C.F.R. § 1003.2(b)(1), (2).  To the extent the agency construed Mendez Sibrian's motion to reconsider as a motion to reopen, the agency did not abuse its discretion in denying it as untimely and for failure to present previously unavailable and material evidence.  *See Mohammed*, 400 F.3d at 793 (agency may construe motions based on their underlying purpose); *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (motion to reopen must generally be filed within ninety days; "[t]he BIA can deny a motion to reopen [for] . . . failure to introduce previously unavailable, material evidence." (citation omitted)).  The BIA acted within its broad discretion in determining that Mendez Sibrian's evidence was insufficient to warrant reopening given the IJ's underlying adverse credibility determination.  *Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2007) (evidence immaterial in light of prior adverse credibility determination).

18-71474

To the extent Mendez Sibrian challenges the IJ's February 13, 2017 order and the denial of her asylum and withholding of removal claims, we lack jurisdiction to consider those contentions because the petition for review is not timely as to that order.  *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**